NO. 07-04-0313-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 16, 2005
_____

SHERYL D. ATWOOD,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2002-478,973; HON. DRUE FARMER, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Appellant Sheryl D. Atwood appeals from a judgment convicting her of driving while intoxicated. Appellant's brief is due in this cause. Two extensions of time to file the brief were granted, and a third extension of the applicable deadline was sought by appellant's counsel. Counsel represented that due to his workload and the reporter's record being misplaced, he was devoting "the remainder of this week . . . to preparation of the brief, which will be completed by Friday, March 11, 2005." To date, no brief has been filed on behalf of appellant.

Accordingly, we now abate this appeal and remand the cause to the County Court at Law No. 2 of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, has appointed counsel, and has been denied effective assistance of counsel, or has no counsel, then we further direct it to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before April 15, 2005. Should additional time be needed to perform these tasks, the trial court may request same on or before April 15, 2005.

It is so ordered.

Per Curiam

Do not publish.

2